Mr. Chief Justice, and may it please the Court, there is no dispute that the INA requires an applicant for relief to show that he has not been convicted of a disqualifying offense. The main question here is just whether he can rely on the categorical approach's least burden of proof, just as parties may rely on presumptions to satisfy their burdens of proof in many other areas. He can for two reasons. First, for decades, the statutory term convicted has been understood to require a categorical approach under which a past offense won't lead to mandatory removal or an enhanced sentence unless the record of So we always presume that a conviction stands for nothing more than the least that the record of conviction establishes. And that rule works the same under the categorical and modified categorical approaches because courts can look to the least of the alternative elements under a divisible statute as this Court has. Second, Congress didn't disturb that rule when it enacted a general burden of proof provision that says nothing about convictions. And that's not surprising because all we're talking about is a gatekeeping step. There's still the discretionary step where the attorney general is unbound by the categorical approach and can make an individualized determination about who gets relief. So ultimately, it doesn't matter whether you think of the modified categorical approach as raising a question of law or a question of fact because it's common for presumptions to operate on questions of fact too. And what always governs the analysis, and because it supplies a default answer, there's never any residual ambiguity for a burden of proof to resolve. Counsel, I think your friend on the other side might agree that it doesn't matter so much whether it's factual or legal, at least that's not the underlying reason that you have this immigration statute. Under ACCA, the government has the burden of showing that the increased sentence is warranted. So it has to carry the burden of looking to the least elements approach. But it's different when you're seeking the benefit of removal under the immigration case. There, the person who's seeking has the burden of that benefit is your client. And therefore, you have the burden of showing the most elements approach for the prior conviction. Why isn't it simply the different burdens under ACCA and the immigration statute that account for the fact that in one case, the different burden of going forward, whether you're seeking a greater sentence or seeking the benefit of removal, why doesn't that simply account for the allocation of the burden of proof? And it's just incidental that in your case, you have a factual question of whether or not subsection C was the section of conviction or not. So two responses to that, Mr. Chief Justice. First, the government is not actually arguing that the least acts presumption and the burden of proof are opposite ends of a single spectrum. Because the government acknowledges that even where the non-citizen bears the burden of proof, the least acts presumption still does apply, at least at the categorical step of the analysis. So those two aren't inversely related in the way that Your Honor's question suggests. But also second, even in contexts where the government has borne the burden of proof, that has not been what has animated the decision under the categorical approach. And in fact, the standard that the court has adopted, which is this demand for certainty, or I think synonymously a requirement that the conviction necessarily establish, every element goes far beyond the burden of proof that the government would face at sentencing or to show removability. Thank you, counsel. Justice Thomas. Counsel, I'm just a little confused. I'd like you to help me. Normally, when we have these cases, say under ACCA, we are comparing a known crime of conviction to the generic, say, for example, a statute where you're applying it to establishing the crime of conviction. Isn't there a difference? I don't think there's any difference there. I think Shepard is a good example of that, as is Johnson, where the uncertainty that existed in those cases was which prong of the divisible statute. That was a necessary step in the analysis to then compare to the federal effect. But here, you know, there seemed to be an underlying current that's somewhat unfair to ask the petitioner here to say what he had just been convicted of in the state courts. Could you explain why you think that would be unfair? It seemed as though that if I were just convicted of a crime, I would know what it was. Oh, sure. Two responses to that, Justice Thomas. First is that this is in some ways the unusual case that involves parallel criminal and immigration proceedings. Oftentimes, these convictions are evoked years after the fact. And just as one example of that, this court right now is holding a case for this one called Romero that involves a marijuana conviction from 1985. So the rule is going to apply more generally. But second, even as to contemporaneous criminal proceeding, a non-citizen may have incentive, but ultimately isn't going to have ability to control what is recorded or preserved by the state court that might be processing 20 misdemeanor pleas in the course of a single day. And the criminal defense lawyer's brief, I think, details at length why this is often unclear. Could you explain once more why I understand why in the criminal cases, this would be the government's burden because of the, you know, beyond a reasonable doubt, but this is in a civil context. Why is it that this is not the petitioner's burden? So our argument is that the operation of the categorical approach is not affected by the burden of proof either way. So the reason that we presume the least under the state statute or require necessity about a conviction is not that the government bears the burden even when it does. It's that that is an independent substantive component of the categorical approach because of its underlying demand for certainty and ensuring that there is going to be predictability and fairness so that people aren't losing the based on the fortuity of record-keeping practices years later. Thank you. Justice Breyer? No, thank you very much. Justice Alito, if I say that your client was convicted of violating Nebraska revised statute section 28-608, is that a factual, isn't that a factual question? So that, I think you could call that a factual question, but that wouldn't change our analysis because again, we think that the least acts presumption applies even to questions of fact. All right, so let me give you a very simple way of looking at this case and you can tell me why this is wrong. Whether or not a person was convicted. There's nothing that prevents, if that fact has to be proven, there's nothing that prevents Congress in a civil case like this from saying the burden of proof on that fact is on one party or the other party. And here it's placed it on the person seeking cancellation of removal. Is there any obstacle, constitutional obstacle to Congress doing that? No, there's not a constitutional obstacle. It's just, that's not what Congress did here. Congress enacted a general burden of proof provision without doing anything to alter the reference to convictions as the actual eligibility criteria. So the question then is just, because my time is limited, excuse me for interrupting, but the question then is the interpretation of what Congress meant when it enacted this burden of proof provision, right? Yeah, yes. And I think it is clear from the entirety of the Real ID Act that Congress was focused on what you would think of as questions of fact that would be proven with weighing evidence and making credibility determinations and taking testimony and the like. That's the entire focus of the burden of proof provision. There's no indication. Where did this, what you call the presumption of the least of the acts criminalized come from? It came from the categorical and modified categorical approaches. They are called categorical because they are making a categorical determination. You take the example of burglary, which has been central to our cases in this area. So you have somebody who's convicted of burglary under, let's say, California law. And the question is whether that is a conviction for generic burglary. It is determination about an entire category of cases. That is, all of the cases prosecuted and convicted under the California burglary statute. And it is in that situation where the court asks, looks to the least of the acts criminalized. It asks, what is the least thing that could get somebody convicted of burglary in California? Would that constitute generic burglary? If the answer to that is no, then it flunks under the categorical test. But what's involved here is not categorical at all. It is the determination of a question of fact. Was your client convicted under subsection C or was he not convicted under subsection C? So I agree with everything that you said, Justice Alito, except that is not the only thing that the shows that the demand for certainty also applies to the which statutory prong question. Because the point of that case was that we are going to demand certainty and only look to legally conclusive records to determine which part of the divisible statute it was. And all of that makes sense because whether... Well, I mean, as the Chief Justice pointed out, Shepherd and Johnson, a case that you rely on very heavily, were criminal prosecutions where the prosecution under the Constitution has the burden of proving beyond a reasonable doubt that the person was convicted of a particular offense if it wants to impose an enhanced sentence based on that conviction. That's where certainty comes from. So I would just add that this has also been the in the immigration context, the demand for necessity for 106 years, including in context involving divisible statutes, like the Zaffirano case we cite from the Second Circuit, and the immigration professors cite the matter of Marchena case from the BIA in 1967, and involving a context in which the non-citizen bore the burden of proof. I think all of that demand for certainty is part of the categorical approaches requirement that we are not going to treat your offense as a predicate. Thank you, counsel. Justice Sotomayor. Mr. Goldman, I have two different sets of questions. Let me start with the first, which is assuming we were to disagree with you today and rule against you, would we have any reason to believe that your client wasn't in fact convicted of a CIMT? For example, I read the Eighth Circuit as saying that a sentence of one year or longer fits the sentencing requirement of not being more than one year. Did you challenge that below, that that's wrong? And secondly, I see the statute here as requiring harm, but not necessarily financial harm, and not necessarily deception harm. Could be emotional harm, or even physical harm, and that wouldn't fit a CIMT. Have those arguments been saved below? So those arguments, the first argument, Justice Sotomayor, about the petty offense exception, what was presented to the Eighth Circuit, as well as to the BIA, and those courts rejected those arguments. So I wish I could say that that were still open, but I believe that is now foreclosed. Second, with respect to the harm required, I think the Eighth Circuit's analysis held that given ambiguity about which statutory prong it was, Mr. Parada must lose by default. It essentially adopted the government's rule that we effectively... Mr. Goldman, can I just stop you, because there is one last question I want to ask. I read 1229 A.C. 3B. In any proceeding under this chapter, any of the following documents or records shall constitute proof of a criminal conviction. An official record of judgment and conviction, which was provided here, an official record of plea, verdict, and sentence, not provided because it wasn't available, and nobody challenges that it was available. And see a docket entry from court records that in this indicates the existence of the conviction. That was provided. Doesn't that answer the question of whether you've your burden of proof? You've shown them what you were convicted of, and the lowest, there is one CIMT that doesn't apply. And hence, under our case law, Johnson and others, that ambiguity flows to your favor automatically? Yes, that is our position, Justice Sotomayor, that where the record, this is a conviction under an overbroad statute, so we presume it is not disqualifying until and unless the record of conviction necessarily establishes otherwise, and here it does not. And all of the record of conviction has been supplied? So far as we know, that's correct. The government... So there is, on the burden of proof, even if you have it, you've met it? Correct. Yes, and I would just note that here it's the government who produced the criminal record as it does in all of these cases as part of its criminal history check. Thank you, counsel. Justice Kagan? Mr. Goldman, I understand that you think it doesn't matter whether the question here is legal or factual, that you win either way. On the other hand, a lot of the questions that even the government concedes, I believe, that questions of law are not affected by the burden of proof. So I'm just going to ask you whether you have an argument that this is a legal question? Yes, and I think that is the better way to look at it. I just think, as I've said, it doesn't ultimately matter where you land on that. Well, tell me why it's the better way, because you've been talking for a while and you haven't told anybody why it's the better way to look at it to say that it's legal. So the idea is that the categorical approach, the entirety of the approach, is always asking, does a conviction necessarily establish every element of the federal offense? And the modified categorical approach can help you answer that question, yes, if it narrows the offense by revealing a statutory alternative, because then you are much as the court's opinion in Mathis describes. So the point is that the only reason we are looking to records is for the same reason you look to the text, which is as part of a legal analysis about the meaning of the conviction and the elements it involved. Well, I think what the government would say is that although the entire inquiry might be a legal one, there's a part of the inquiry which simply involves asking, what crime were you convicted of? And that that's a factual one. Even though you then go on to the more legal inquiry, and even though you decide that question through the use of entirely legal documents. I think that that's what the government would say. So what's the answer to that? So the answer there is that the only reason you are looking at documents at all to ask which crime is still in service of the bottom line, legal question. And so if asking that question about which prong of the statute it was, turns up empty as it did in Johnson, then that's not a failure of proof. That doesn't mean that the analysis can never reach the legal inquiry, which is the government's argument. Instead, the categorical approach supplies its own rule for resolving that ambiguity, which is to look to the least of the alternative elements and make the categorical comparison from there. Mr. Goldman, a very different question. If you win, would it be permissible for the Attorney General to say something like, that was a pretty bad crime, and because it was a pretty bad crime, I won't use my discretion to cancel your removal? In other words, could the government basically enact the rule that it is arguing for on the back end of the process? So I think as a matter of the INA, it certainly could. The INA in no way limits the Attorney General's discretion. And what you've described happens all the time, where the IJ or the BIA will say, I don't need to undertake the categorical analysis and go through the complicated determination of if this is disqualifying or not, because I just know that you are losing as a severity of what it seems that you did. If the Attorney General were to try to do that as a regulation, maybe there would be APA challenges to that, but I don't think the INA provides any obstacle. Thank you, Mr. Goldman. Justice Gorsuch? Counsel, I guess I'm a little stuck on the arguments you've made, but wondering if there's one that you haven't. To me, it looks like this is probably a factual question about contingent sort of questions about what happened in a interpreting any law or any neutral principle, any generally applicable provision. I don't see how Johnson helps because the burden there was on the government in a criminal case. And so I'm stuck on a lot of that, and maybe you can unstick me. And the other thing I'm also stuck on, just for what it's worth, is the burden in terms of producing the evidence of conviction mentioned in subsection three is the burdens on proving that the government has while proving deportability, totally different than subsection four, which is applications for relief from removal or deportability, which then fall on the immigrant. So that's putting my cards on the table is what I'm stuck on. What I'm hopeful for, want to explore a little bit, is Shepard and why you concede that, or I don't know, maybe you don't, that this is all categorical approach. Justice Breyer, and I think it was Nijhawan, you can correct my pronunciation, I'm sure, said that Shepard is the categorical approach in the ACCA context may not always apply in the INA context. And I would have thought that Mr. Parita might've argued, forget about the categorical approach. I can show on the facts here, and my testimony might establish that I wasn't using the social security card to obtain benefits or to defraud anybody of anything, but simply to get a job, and therefore it wasn't a crime of moral turpitude. What about that argument? Should we remand for that? Has that been preserved? Thoughts? Sure. I'll start with the last of those three questions, Justice Gorsuch. I don't think that that argument is available anymore after Moncrief and the way Moncrief distinguished- Let's suppose I think it is. So I think that it would still be the wrong way to go because it would pose, for all of the reasons the court reasoned that it was precluded in Moncrief, I think those are correct. Why would you have an immigrant hamstrung by this crazy categorical approach methodology that's nowhere in the statute? Why should he not be allowed to discharge his burden by his testimony? So I think that- And put it on the government. So I think that would disserve the entire immigration court system to start inviting that type of mini trial, even when it's done for beneficial purposes, as your honor is describing. And I don't think that's any different than when the Second Circuit addressed exactly that question in the Milius case in 1914, which was the genesis of all of this and saying, if we allow the immigration officer to go behind the fact of the conviction and analyze the facts of the offense, why would we then be allowing the non-citizen to try to prove that even though he was nominally convicted of something, what he actually did was less bad? And I think it undermines all of the benefits around predictability and efficiency of this approach. And instead, and again, all that we're talking about here is a gatekeeping step. So I think the more sensible solution is to say that if a conviction does not clearly qualify as a predicate offense, then we do get to- Thank you, counsel. Justice Kavanaugh. Thank you, Chief Justice. And good morning, Mr. Goldman. There's no perfect solution, as I see it here. There's a situation of uncertainty. And what that means is either some people who should not be eligible for cancellation of removal will remain in the country, or some people who should be at least eligible for cancellation of removal will be removed from the country. And I might choose a different policy than Congress did about how to resolve that uncertainty, but Congress put the burden of establishing eligibility for cancellation of removal on the non-citizen. It's kind of a big picture way that is raised by this case. Why is that a wrong way to think about it? So the reason, and this answers Justice Gorsuch's first question as well, is that it is commonplace for an individual to be able to invoke a presumption to satisfy a burden of proof. We give the examples in our brief of the bailed goods presumption, copyright validity, and I think most importantly is the asylum presumption, we note at page 31 of our blue brief, where the Real ID Act added a virtually identical burden of proof provision for asylum claims, but that didn't in any way eliminate an asylum applicant's ability to rely on the presumption that he has a well-founded fear of future persecution. That had been a long-standing presumption as well. So I think there is just no tension between a presumption that favors someone and a statutory burden of proof that is placed on that person. And what do you do with the fact that we're not talking about the removal itself, technically, but we're talking about cancellation of removal. In other words, you've already, the non-citizen's already been deemed, usually, or at the same time, deemed removable, and we're talking about something that would cancel that removable. In that circumstance, it does seem more logical, I suppose, or at least one could understand why Congress made the choice in that circumstance to put the burden on the non-citizen because of the cancellation of removal context. So does the context matter there, or why doesn't it matter? So the context matters for most parts of a cancellation application, and Mr. Parada put on hundreds of pages of evidence showing why he deserved cancellation of removal. But with respect to this inquiry, which is governed by a presumption, the burden doesn't ultimately affect that either way because there's never leftover ambiguity that a burden of proof is going to solve. It's just either the conviction does or doesn't necessarily establish every element of the federal offense. And I think, again, because this is ultimately discretionary relief, that makes perfect sense. That we're just saying, can you get past that gatekeeping step to the point at which the IJ can actually consider the underlying facts of your criminal offense, which is a much more sensible place to resolve that. That's a fair point. Thank you, Mr. Goldman. A minute to wrap up, Mr. Goldman. Thank you, Mr. Chief Justice. It bears remembering that under the government's rule, someone could plead guilty to a statutory alternative that is clearly not a disqualifying crime, like subsection c here, and he could plainly be deserving of cancellation or asylum. But if detailed conviction records were never prepared or were destroyed long ago, he would be subject to mandatory removal. There would be explained why Congress would have thought that it was mandating that drastically over-inclusive result simply by writing a burden of proof provision that says nothing about convictions, but instead talks about fact-finding tools like testimony and corroboration that have long been irrelevant to the analysis of convictions. The better answer is that that's not what Congress did. Thank you. Thank you, counsel. Mr. Bond. Mr. Chief Justice, and may it please the court. The statutory text places on an alien seeking relief from removal the burden of proof to establish that he satisfies the applicable eligibility requirement. That text answers the question presented. As petitioner acknowledges in his reply, and again this morning, his burden includes showing that he does not have a disqualifying conviction. Petitioner has not carried that burden, so he is ineligible for cancellation. Petitioner pleaded guilty to violating a statute that covers multiple crimes, some of which are disqualifying. It thus was his burden to show that he was convicted of a non-disqualifying crime under that statute. But even though this immigration proceeding was already ongoing before he pleaded guilty, and his immigration attorney knew of the potential consequences of a conviction, petitioner did not submit anything to show the particular offense of which he was convicted. His position is that the court's categorical approach precedent excused his failure of proof and required resolving ambiguity in the record in his favor. That is incorrect. Under that precedent, once the elements of the offense have been identified, courts then ask what are the least acts to satisfy them. But this case concerns the antecedent question of which set of elements was the basis of the conviction. The categorical approach and least acts presumption cannot answer that question. A court cannot determine the least acts criminalized without first identifying the elements. That's what the modified approach is for. And if the record of conviction is inconclusive, a party with the burden has not carried it. Petitioner's approach conflates divisible and indivisible statutes, which this court has made clear are distinct. And his rule that ambiguity should be resolved in the alien's favor contradicts Congress's judgment that an alien claiming he is eligible for relief bears the burden of proving it. Thank you, counsel. An issue that's kind of lurking in the background throughout this case and is certainly affected by the question of what kind of determination, is it legal or factual, is the limitation to the so-called shepherd documents. You're here from the Department of Justice, so you should know as well as anybody what the experience of the department has been around the country with that limitation. Is it often the case that those documents, or how often are those documents not available? Does it vary from one part of the country to the other? Do you have situations where people are coming forward with documents that seem pretty probative on the question, but they're excluded because they're not shepherd documents? What can you tell me about that? We don't have data at that granular level that tracks why a party is not deemed eligible for cancellation. We simply don't have aggregate data that point to that specific thing. However, I would suggest there's no reason to expect that an alien who has a case, who was convicted after his immigration proceeding was ongoing, would not know his criminal history, and he or his attorney would not be able to at least know what documents to look for and where to find them. They can know what documents to look for, but the reality, as I understand it, is that often you don't have, these things aren't often papered because you've got a lot of busy criminal dockets and plea bargains and other things like that. The fact that the lawyer knows what to look for isn't enough. Even if the lawyer finds something probative, that's not going to be admissible on the question. If it's a shepherd document, it would be admissible. I think the hypothetical... No, no. I'm talking about a situation where it's outside of shepherd. Sure. And with respect to the limitation to shepherd documents, as you know, in shepherd, we argued for a broader cast, and in the lower courts, we have argued under this particular provision for a broader array of evidentiary materials. That's not an issue here, both because the board rested on shepherd and because there are no non-shepherd documents at issue in this particular case. But I would, to the question of unavailable records, I would say a couple of things. In the case of a plea agreement, in the case where an alien, as in petitioner's hypothetical, has pleaded guilty to a particular version of an offense, he has all the incentives in the world and the ability to memorialize that agreement in a written document that reflects that agreement with the prosecutor. In the context where the alien doesn't personally have those records and tries through reasonable diligence to obtain them, the regulation allows him to ask for a subpoena to get them from the court. Thank you, counsel. Justice Thomas? Thank you, Mr. Chief Justice. Mr. Bond, if I heard petitioners right, the petitioner doesn't seem to see much difference between the way we would treat this case and the way we would treat it in the criminal context. What's your reaction to that? I think they are very different because of the judgment Congress made when it expressly placed the burden of proof on the alien to prove eligibility. That's what sets this case apart from all of the cases petitioners cite in the sentencing context. If you account for the difference in the burden of proof, though, I think the cases come to the same conclusion that the party with the burden of proof didn't carry it. For example, in Taylor, all that the court knew as the case came to this court was that the defendant had a conviction in Missouri for second-degree burglary, but Missouri had seven burglary statutes. So the case had to be remanded so that the government, the party that had the burden of proof, could produce the charging document. And it did, and the sentence was ultimately affirmed. It's the same kind of circumstance here. Petitioner bears the burden of proof. He just didn't carry it by presenting any document to show which particular version of criminal impersonation he pleaded guilty to committing. Just a matter of curiosity, uh, how much discretion do you have? If you think, for example, that a petitioner or an applicant is being evasive, uh, do you, does the attorney general have the discretion to, uh, uh, to, uh, simply, uh, uh, dismiss or deny his, uh, requests for cancellation? Yes, the IJ could do that on a case by case basis. And yes, in response to some of the earlier questions, the attorney general could adopt a regulation that does this categorically, but I think that's not the right approach or the right lens to, to approach this issue for two reasons. First, as this court has explained for a very long time, Congress intended these eligibility requirements under the predecessor statute for governing suspension of deportation and cancellation to be enforced before discretion comes into the picture. That was true in 1984 in this court's decision in Fantasia. And it's even more true after and the real ID act raised the bar for cancellation eligibility precisely because they were concerned that discretion was being exercised throughout too readily. And the real ID act that codified the burden of proof. And the second reason is that discretion that dealing with it at the discretionary phase changes the way that this would be litigated in a case like this, where an applicant is demonstrably ineligible and hasn't carried his burden. The case can be dealt with at the motion to credit mid stage, and no one needs to spend time or resources litigating the merit of whether discretion is appropriate. But if this is dealt with by the IJ at the discretionary phase, the parties then litigate the underlying merit and you lose all of the efficiency of resolving this at the threshold where Congress intended it to be decided. Thank you. Justice Breyer. Well, there is a virtue in simplicity in the law and ACA is complicated enough, much more than anyone thought, as is this. So why isn't a simple thing to do, keeping the law uniform, simple, as much as it can be, is we read Taylor. And when we read Taylor, here's how you decide whether a statute that says in section 1342A, burglary of a car, a house, or a boat, and some are and some are not federal burglary, and which ones was this? Was he convicted of the boat burglary or a house? Here's what it says to do. You look at the statute. Well, that doesn't help. They're all three. Then you look at the indictment or information. And then you look at the jury instruction. Now, if those three things, the statute, the jury instructions, and the indictment or information, show that this was burglary of a house, that it necessarily, we've said in about 10 cases, is burglary of a house, the government wins. And if they don't, the other side wins. Well, with slightly different words here, slightly different documents, do the same thing. Does the statute forbid that? Of course not. The statute that you're talking about has words in it, and those words say that if the evidence indicates one or more of the grounds for mandatory denial of relief apply, then the government wins. So we look at the lifted documents. We see if they do, and that's the end of the case. If they don't necessarily show that, then he's carried his burden of proof. Whether they show that or not is a question of law. Now, why isn't that the end of this case? Two points, Your Honor. First, I agree with the mode of inquiry that you were describing that Taylor prescribes, looking to what we now call shepherd documents, with one friendly amendment. Under that approach, the party with the burden of proof under the statute loses when they don't produce those records. And Oh, they do. Isn't there a statute in this case? There is a statute. Well, what says he has to produce any more? What the statute in this case provides is that the alien bears the burden of proving that he satisfies the requirements of eligibility. And the regulation that you quoted, this is ACFR 1240.8 subsection D, that regulation works against petitioner. Because what it says is when the evidence indicates that any ground of mandatory denial may apply, the alien must show that it does not apply by a preponderance. So in this case, when the alien puts in his description of his criminal record, and it's clear that he may have a disqualifying conviction, the regulation is clear that he then bears the burden of showing that it does not apply. Now, the shepherd framework is perfectly compatible with that. He simply needs to use shepherd documents to make that point. He did show that he satisfied the applicable eligibility requirements, because the applicable eligibility requirements is that set of legal documents in front of the judge does not necessarily show that it was a crime of moral turpitude or burglary in the other case. So he met it. With respect to your honor, he did not, he did not show that with those documents, the necessarily establishes and least acts presumption the court has applied, applies at the final step of the categorical analysis. Once you've identified the element, what the documents he presented do not show is which set of elements he pleaded guilty to committing. We don't know which set of elements or which set of facts he necessarily had to admit. And until he can rule out a disqualifying conviction, he has not carried his burden under the statute and regulation. Thank you, counsel. Justice Alito. In 1229 AC4A1, when it speaks of burden of proof, is that burden of production, burden of persuasion, or both? It is both. It is the burden of proof that this court ordinarily understands to mean the burden of persuasion, but we think it here subsumes the burden of production, which is to say petitioner couldn't carry his burden of proof in this case without producing documents or other admissible evidence that show he was not convicted of a disqualifying crime. I would add on the... Will the government have necessarily been required, will the government have been required to provide certain documents relating to the conviction anyway? If the conviction is the basis for the determination of removability, then I guess the answer to that is yes, but I suppose that's not always so. That's right. It is not always the case. It is not the case here. The government did not seek removability based on a prior conviction. It was simply because, as petitioner conceded, he was in the country without having been admitted. The conviction came in at the cancellation stage. Now, with respect to what the government searches for to find, it's true that the government performs a simple background check to find prior criminal activity, but that produces a report that looks like a rap sheet with arrests and convictions at a high level of generality. It does not provide the kind of granular information about which prong of a divisible statute the alien was convicted under, and it certainly does not result in a complete set of Shepard documents with which the government could demonstrate which version of the offense the alien was convicted of committing. Why do you think that the Shepard limitations would apply in this situation? It's one thing for us to say in a criminal case where the government, the prosecution, has the burden of proving prior convictions beyond a reasonable doubt that we are going to put a limit on the proof that the government can rely on to try to discharge that burden. Whether or not that was a good idea, that's what was done. But it's something else, again, to say that where the alien who is seeking cancellation of removal is the one who will be disadvantaged by the failure of proof, that person is limited by Shepard in the documents that can be relied on to discharge that burden. I don't know, why does that make sense? Why is it fair? And where would we get the authority to impose that limitation? Your Honor, the government has argued in the past in lower courts, including in the Young case cited in Petitioner's reply brief, that in this context those limitations should not apply and that the agency should have the ability to consider a broader array of documents. Now, we haven't made that argument in this particular case for two reasons, as I was saying earlier. First, the Board's decision took Shepard as given and we're defending the agency's action on the rationale that it gave. And second, this isn't a case where any issue of non-Shepard documents has come up, at least as the case comes to this Court. No one is arguing that some non-Shepard document was presented but not considered or vice versa. So I think the issue is an important one to leave open for the future, but it's not one that's implicated in this case. Justice Sotomayor? Counsel, Justice Breyer asked the question basically as I would, which is, I read the regulations. They require the alien to put forth those documents in his or her possession. The legal question is, do those documents show that he has committed a CIMT? You're asking the opposite question. Do those documents show that he has, hasn't committed a CIMT? But the burden of proof is only by a preponderance of the evidence. And if he's provided all of the documents that exist and no one's arguing, I don't think you are, because I think you did a search in this case, that any more documents exist and we have a meek eye that show why they don't tend to exist, at least with respect to low-level misdemeanor charges. Why the presumption that the legal presumption, it wasn't a factual presumption, it was a legal presumption that we made in our prior case law. Why that doesn't get him past the preponderance of the evidence standard? That's a very low standard. It's 51%. And if there's ambiguity, what does that have to do with meeting the burden of proof? So the presumption, the least acts presumption, simply does not apply to the antecedent question of which version of the crime was issued. The least acts presumption did not apply. In Johnson, the court's passing language was describing the district court's opinion. The least acts presumption did not apply in Taylor, where the issue otherwise would have come up. The court has not applied the least acts presumption beyond the context of determining what a particular set of elements requires, what it means, because to find a defendant has submitted those elements, the jury need only find the minimum conduct. But to go to your broader question of... But what you need is the Shepard documents proving that. And if they don't exist, then you're back to the fact that as a matter of law, there's no proof that you committed that act. Because what you were charged with and what the documents show is the possibility that you might have, but not that you did. You have to prove the conviction that you were convicted of CIMT. And in fact, you weren't. What the alien's burden is under the regulation, once you know that he might have been convicted of the disqualifying offense, what you know is that he then has the burden of showing the opposite. In that sense, he has to prove a negative, but that's exactly what the statutory eligibility requires. But the negative counsel is very clear. The negative is, do the records of my conviction show that I was convicted of CIMT? The answer is no, they don't show that. They show that I was convicted legally of a crime that does not fit, that has subdivisions or parts of it that don't fit a CIMT. So that's where I'm having trouble seeing why that's a factual rather than a legal question. What do the documents that exist show? And they show that as a matter of law, I wasn't convicted of a CIMT. The alien's burden is not to show that the available records don't show that he is disqualified. What the burden of proof requires him to show affirmatively is that he does not have a disqualifying conviction. Now, in a case where there simply are no records because he has no criminal history, his sworn assertion on his application form that he has no criminal history could carry that burden. But in a case where he has a disqualifying conviction, or he has a potentially disqualifying conviction, he must show affirmatively that it is not disqualifying, not merely that the records are silent. That's what the statute and regulations provide. Justice Kagan? Mr. Bond, if I could start by asking you about the legal factual question, because I understand that you don't think a question of law is affected by a burden of proof. That would be right, right? I would more narrowly say that we don't think the least backed presumption in the categorical approach inquiry in this case is affected by the burden of proof. Let's just talk about whether this is a legal or a factual question. You say it's a factual question because you're asking what was he convicted of. But let's take an analogy. First, let's remember how we decide that factual question. We decided by looking under Shepard to a set of legal documents. Here's my analogy. Let's say this is a contract case. The question was, what did I agree to? In one sense, that's as much a factual question as this one is. Yet, because we look to the we don't think of it as a factual question anymore. We think of it as very much a question of law. We're doing contract interpretation. Why isn't the same thing true here? I think the contract analogy works once you've identified the elements and you're trying to understand what they mean, what conduct they require in this context as a matter of safety. I honestly don't think it has anything to do with that, Mr. Bond. I mean, in the contract, it's like it's a factual question. What did I agree to? Because we look to the contract and that's a legal document, we treat that question as a question of law. And so to here, the only question I'm talking about now is the preliminary one. What were you convicted of? But because you look to a set of legal documents, it becomes a question of law. And I'll just add to this, Mr. Bond, that is the way every court in America treats it. Every court of appeals in this uses a de novo standard in ACCA cases in order to review that determination. And for that matter, the BIA uses a de novo standard to review the IJ's determination. So all of that we would have to throw over if all of a sudden we decided that this was a factual question. I'd say two things, Your Honor. First, even if we don't think it's a factual question, it is at a minimum a mixed question, which is equally susceptible of a burden of proof, like an equitable tolling question, which has factual predicates but involves applying the legal standard. So in this context, what you were convicted of still would be subject to a burden of proof. Okay, let me turn to this. Let me turn to your broader argument. I'm sorry for cutting you off, Mr. Bond. You also don't, you agree that if this were just a categorical approach case, the burden of proof wouldn't apply, right? That's right. If it was an indivisible statute. Okay. It's a yes or no. Yes. And we have said many times, many times, that the modified categorical approach is just a tool to implement the categorical approach, isn't it? Yes. By answering an antecedent question of which set of elements, which statutory phrase was in a  tool to, because a divisible statute is opaque. If it's just a tool, the question is, why should our basic approach change? The basic approach, which as somebody else said, has been applied to ACA and to immigration cases. The basic approach is to say, unless we're certain that the crime you were convicted of has at least the same elements as the generic offense or as the moral turpitude category, unless we're certain, we will not impose the penalty enhancement or impose the unfavorable immigration treatment. So why should that general approach all of a sudden change here? I would say two things. First, without answering that antecedent question, if you can't identify which set of elements was an issue, you just can't perform the categorical analysis of determining what the least acts are. If you look at this Nebraska statute on page eight of our brief, you can't identify which of these is the least version. They're just different crimes. You need to isolate it first. So I don't think you get into that question of applying the categorical approach. Instead, Congress made the judgment of what the effect of lack of certainty is, which is if the alien- Okay. Thank you, Mr. Bond. Justice Gorsuch? Mr. Bond, would you agree that a great many misdemeanor crimes across the country have invisible statutes, but are not papered in a way to allow anyone to know with any certainty which portion of the statute defendants are convicted of? I don't know that firsthand, but I have no reason to dispute it. Okay. Well, let's just suppose that's the case. It seems to me that if we go down the shepherd road here and say that immigrants are restricted to certain kinds of proof, documents that they can use to show their eligibility, in a great many cases where these have these divisible misdemeanor statutes, nobody's going to be able to tell, right? So one of two things is going to happen. They all lose, right? And I think that's the position you're asking us to adopt. Or maybe we should allow them to prove by whatever means necessary, including by their sworn statement, whatever credible evidence an IJ would allow, what actually happened. And in this case, for example, that Mr. Parita wasn't using the social security card to defraud anybody of anything, but just to get a job. What do you say to that? So, as I mentioned earlier, the government has in lower courts argued for that broader task unsuccessfully. It's not implicated here, but we have no objection to that general approach. But to the first part of your question of what is the result when those documents simply don't exist for whatever reason, there is an exception in the INA's burden of production provision that, although not implicated in this case, might address hypotheticals like that or the hypothetical petitioner ended with. And this is section 1229A, C4B on page 8A of the appendix to our brief. And what the final sentence of that provision says is that if the IJ otherwise finds the alien testimony credible, but the IJ requests corroborating information, alien must apply that corroboration unless he demonstrates that he doesn't have it and can't reasonably obtain it. Now, the board in the Almanza-Arena case applied that in the context of a prior conviction and said- But that's all about corroborating his testimony. And I admit that's a possibility, but that comes in later, right? I mean, nothing in the statute agree with me compels Shepard. I agree with you that nothing compels Shepard, but I don't agree that testimony comes in at a later point. The starting point for an application is a sworn statement describing the alien's own criminal history. And at the hearing, the IJ can follow up with questions of the alien who is present asking about what was the basis- Mr. Bond, you'd agree with me that he just has to provide facts that support his application, right? And it's up to the IJ to determine whether it's credible and persuasive or perhaps whether further corroborating evidence would be necessary, right? He has to submit supporting documents with the form that's explicit on the current form, and I think was clear even on the original form at issue in this case. He does have to provide support- I'm not talking about your forms. I'm talking about the statute, right? What's he required under the statute? Shepard's not required, right? We agree with that, although the very statute we're talking about begins by requiring the alien to follow the instructions on the form. So Congress- Let me turn to another area entirely, and that is, do we have burdens of proof in contract interpretation cases? And do they sometimes become questions of fact about what a contract means? A contract interpretation dispute can certainly turn on questions of fact, but there can be antecedent questions about, is this document the authentic version? Or if parties are offering competing pieces of paper saying, this is the final document, that can raise a factual question. And that's the kind of question we have here. Is this indictment, for example, the final indictment that was used, that was charged? Or is this plea agreement authentic? Those kinds of factual questions underlie the question presented here. Thank you. Justice Kavanaugh? Thank you, and good afternoon, Mr. Bond. I just want to broaden it out a little bit here and talk about the context. We're talking about eligibility for cancellation of removal, and you want to say that he is categorically ineligible for cancellation of removal. Even if you lose here, the executive branch, correct me if I'm wrong, could still deny cancellation of removal and remove him. Is that correct? The executive would have that discretion. That's correct. Okay. So we're just talking about categorical ineligibility, and therefore, since you would still have the discretion to deny it, it seems to make sense to think about how this works in practice. And here, do you consider the facts of this case typical of the cases where this kind of issue arises? I'm not sure which aspect of the facts you mean to be typical, but I think this isn't a very unusual case in which the alien is representing that he can't produce the documents that show which version of the statute he pleaded guilty to, even though the immigration proceeding predated his criminal conviction, and his immigration attorney told the IJ that this ongoing criminal proceeding may affect this outcome. So I think this case illustrates why it was sensible for Congress to put the burden of proof on the alien. And to the discretion point- I was thinking that he's lived here for 25 years in the United States, has a wife and three kids here, one of whom is a U.S. citizen, works construction and cleaning, had a fraudulent Social Security number, which got him a $100 fine, but no jail time under state law. You know, that seems a thin reed to make someone categorically ineligible for cancellation of and the thin reed corresponds legally to when you have such that kind of offense, it's not surprising as Justice Gorsuch says that the records are going to be thin as well. And I just want to know how we should think about that. I think about it this way. Remember, we're only dealing in the context of aliens who have been found removable, including in this case for unrelated reasons, and are seeking special dispensation. This court has analogized to a pardon. I'm sorry to interrupt, but the special dispensation, you could still deny cancellation of removal. That's the point I started with and wanted to underscore. So it's not taking away the executive branch's ability to deny cancellation of removal if we rule against you. It's just taking away the argument that someone in this situation who's been here for that long with this kind of offense is categorically ineligible. I think what it does is contradict Congress's judgment. Even before ERIRA, Congress wanted these eligibility criteria to be enforced stringently. And after ERIRA and the Real ID Act, there's simply no doubt that Congress wanted these to be taken seriously and not reserved, resolved as a matter of the discretion at the merits phase of the proceeding. And I would add that I think Congress would in particular not have intended the statute to allow moving to the discretionary phase with them or an alien who had every opportunity and incentive to create and preserve the very records that are at issue here. There's no explanation for why those records weren't presented or created in the first place when he had every reason and opportunity to do that. Thank you, Mr. Bond. A minute to wrap up, Mr. Bond. Thank you, Mr. Chief Justice. Petitioner's basic argument is that you should start with decisions that put a gloss on various other statutes and retrofit this statute to match. We submit that is backwards. The court should start with a governing statutory text. And here that text answers the question presented by putting the burden of proving eligibility on the alien, including a lack of disqualifying convictions. Now, in our view, Congress's judgment is compatible with this court's precedent, addressing the categorical and modified approaches. But if there were any inconsistency or tension, it should be resolved in favor of the language Congress enacted to address this particular issue. The Court of Appeals decision should be affirmed. Thank you, Counsel. Three minutes for rebuttal. Thank you, Mr. Chief Justice. I'll try to make four points quickly. First, I agree with my friend on the other side that this is an issue of statutory interpretation. But Congress passed two provisions. One uses the term conviction that embraces the least acts presumption, which Congress understood serves the important functions that we've discussed. Separately, Congress passed a burden of proof, but the two are not at war. A non-citizen can satisfy his burden by invoking the presumption as is common in the law. And the Real ID Act did not suspend 100-year-old presumption. Second, Justice Gorsuch asked me in the opening argument about the burden of production, and that came up in the last half hour. And I would just emphasize that the government produced the documents here. Page 2A of our blue brief has the certification of the immigration officer. And that wasn't an act of generosity here. That is what the government does in all of these cases. And that is because it bears the initial burden of production to show the existence of a conviction that at least on its face appears to be disqualifying. Section 1229 AC3B, which Justice Gorsuch asked me about, and subparagraph C as well, refer to in any proceeding under this chapter. So it's not limited to the context in which the government is trying to prove deportability. As for the regulation that my friend on the other side mentioned, Section 1240.8d, the Attorney General's own interpretations of that regulation in the matter of AGG case, and the matter of SK case that we've cited in our reply, show that that regulation places an initial burden of production on the government not to speculate that a bar may apply, but to actually make out a prima facie case that the bar to release may apply. Third, Mr. Chief Justice, you asked about some of the practicalities around memorializing the terms of a plea. And I didn't hear my friend on the other side give any answer to how this could work for old convictions, like the decades old convictions that I mentioned, nor did I hear any answer to how exactly the criminal defendant could force something to be recorded in the many county and state systems where this is simply checking off boxes on a computer program, or a paper form, and there's no opportunity to comment further. Finally, my friend on the other side mentioned efficiency concerns around allowing these cases to be decided at the threshold. And I would just note that our rule has been in effect in the First Circuit since 2016, in the Second Circuit since 2008, and in the Ninth Circuit for six of the last 13 years. And as in the Nasrallah case last term, when the government made a similar efficiency argument, it has not substantiated that by pointing to any actual problems arising in those circuits. The judgment should be reversed. Thank you, counsel. The case is submitted.